**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sasa Buzancic, | No. CV-09-1943-PHX-DGC (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, Field Office Director, ICE; Eric H. Holder, Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; and John Crowther, Warden of Florence Service Processing Center, | |
| Respondents. | |

Petitioner Sasa Buzancic is a citizen of Bosnia who entered the United States as a refugee in 2003. He was taken into custody by the United States Immigration and Customs Enforcement ("ICE") in early September 2009 for having failed to become a lawful permanent resident within one year of having entered the United States as required by 8 U.S.C. § 1159. On September 18, 2009, Petitioner filed a petition pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus releasing him from custody. Doc. 1. He argues that ICE has interpreted § 1159 to authorize his indefinite detention in violation of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. *Id.*

Petitioner was released from custody on October 15, 2009. Doc. 19-1 at 8-10. Magistrate Judge Burns has issued a report and recommendation ("R&R") that the petition

be denied as moot. Doc. 51. Petitioner has filed objections (Doc. 52) and Respondents have replied (Doc. 53). No party has requested oral argument. For reasons that follow, the Court will accept the R&R and deny the petition as moot.[1]

## I.     Legal Standard.

A party may file written objections to an R&R within ten days after being served with a copy of the R&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

## II.    Analysis.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Article III generally "denies federal courts the power 'to decide questions that cannot affect the rights of litigants in the case before them[.]'" *Id.* (citation omitted). This case or controversy requirement "subsists through all stages of federal judicial proceedings[.]" *Id.*

Petitioner's release in October 2009 negates the purpose of a writ of habeas corpus, that is, "to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991). "Under certain circumstances, a petitioner who has been released may nevertheless meet the 'case or controversy' requirement by establishing that an exception to mootness applies." *Alizadeh v. Kane*, No. CV-09-1942-PHX-GMS (MEA), 2010 WL 5146743, at *1 (D. Ariz. Dec. 13, 2010) (citing *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005)). Petitioner asserts that his petition for writ of habeas corpus is not moot

---

[1] After his initial release in October 2009, Petitioner was convicted of possession of marijuana and drug paraphernalia. Doc. 19-1 at 16-23. He subsequently was granted a waiver of admissibility and, on February 24, 2010, ICE released him from custody to allow him to obtain vaccinations necessary to grant his application for adjustment of status. Doc. 41-1.

- 2 -

because the "capable of repetition" and "voluntary cessation" exceptions apply.

**A.     Capable of Repetition.**

Petitioner acknowledges that "he is unlikely to be detained under § 1159 in the future." Doc. 52 at 3. He nonetheless objects to the R&R on the ground that it "errs in limiting the 'capable of repetition' doctrine to cases in which the same party must again be subject to the same action." *Id.*

Petitioner's reliance on *United States v. Brandau*, 578 F.3d 1064 (9th Cir. 2009), is misplaced. The discussion of the "capable of repetition" exception in that case "was based on information 'that strongly suggested' that the policy of [full shackling at initial court appearances] was ongoing, including statements made by government counsel confirming the status of the policy." *Alizadeh*, 2010 WL 5146743, at *3 (brackets omitted). The Court concurs with the finding by Judge Burns (Doc. 51 at 8-9) that the written guidance provided by ICE in November 2009 and May 2010 governing detention of unadjusted refugees under § 1159 – specifically, that a determination must be made within 48 hours whether to release an alien or place him in removal proceedings (Doc. 50-1 at 3-8) – demonstrates the absence of an ongoing policy of indefinite detention. Petitioner has not shown otherwise. *See* Doc. 51 at 9.

Petitioner's reliance on *United States v. Howard*, 480 F.3d 1005 (9th Cir. 2007), is also misplaced. The criminal defendants in *Howard*, like the ones in *Brandau*, were "challenging an *ongoing* government policy." 480 F.3d at 1010 (emphasis added). Furthermore, the defendants in *Howard* sought "to represent interests broader than their own[.]" *Id.* Petitioner, by contrast, has sought only *his* immediate release from custody. *See* Doc. 1 at 3 (Petitioner "petitions this Court for a writ of habeas corpus releasing *him* from custody); at 4 (Petitioner "seeks a writ of habeas corpus ordering *his* immediate release from immigration custody"); at 7-8 (Petitioner "argues that *his* ongoing detention is not authorized" and "*his* continued incarceration is unlawful"); at 9 (requesting an order that Respondents "immediately release *Petitioner*") (emphasis added). Petitioner, "who only sought relief for himself in his habeas petition, cannot properly forestall a mootness dismissal

- 3 -

1  under the 'capable of repetition' exception by recharacterizing his petition as a generic
2  challenge to ICE's § 1159 detention policy." Doc. 41 at 3, *Vue v. Kane*, No. CV-09-1939-
3  PHX-PGR (MHB) (D. Ariz. Jan. 6, 2011).

4        A policy of indefinite detention under § 1159 is ongoing, Petitioner asserts, because
5  "an immigration judge has no jurisdiction to conduct removal proceedings for a refugee who
6  has not received a finding of inadmissibility from USCIS." Doc. 52 at 5-6. But Petitioner
7  cites no case law or statute in support of this assertion. He has not shown an ongoing policy
8  of indefinite detention under § 1159, and therefore has not established the "capable of
9  repetition" exception to mootness.

10     **B.**    **Voluntary Cessation.**

11       Under the "voluntary cessation" exception, the mere cessation of alleged unlawful
12 activity does not render litigation moot unless the party asserting mootness makes clear that
13 the "'allegedly wrongful behavior could not be expected to recur.'" *Friends of the Earth,*
14 *Inc. v. Laidlaw Envtl. Servs., (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted). The
15 Court finds that Respondents have sufficiently met their burden of showing that ICE's
16 adoption in 2009 and 2010 of guidance policies regarding detention of unadjusted refugees,
17 coupled with the declaration of Director Kane detailing efforts made to ensure that those
18 policies were being implemented, "has made it clear that the allegedly wrongful § 1159-
19 related detention policies underlying this action cannot reasonably be expected to recur."
20 Doc. 41 at 3, *Vue v. Kane*, No. CV-09-1939. Judge Burns found, correctly, that the
21 "voluntary cessation" exception does not apply in this case. Doc. 51 at 9-13.

22     **C.**    **ICE's Conduct in Other Cases.**

23       Petitioner objects (Doc. 52 at 9) to the finding by Judge Burns that ICE's conduct in
24 *Bangjeglavic v. Kane*, No. CV-09-2523-PHX-NVW (ECV), demonstrates compliance with
25 the guidance memoranda, that is, although the petitioner "was initially detained in excess of
26 the time allotted, once his file was reviewed – pursuant to the new guidelines – he was
27 promptly released" (Doc. 51 at 13). Petitioner also notes that in *Gelee v. Kane*, CV-10-388-
28 PXH-PGR (MHB), the petitioner was held for over two weeks before being placed in

removal proceedings. Doc. 52 at 9-10.

The Court does not disagree with Judge Burns. ICE's conduct in *Bangjeglavic* demonstrates a good faith effort to comply with the guidance memoranda and not detain unadjusted refugees indefinitely under § 1159. Moreover, ICE's conduct in both *Bangjeglavic* and *Gelee* predates the guidance memorandum issued by Executive Director Chaparro in May 2010. Doc. 50-1 at 5-8. That memorandum explicitly provides that "upon the arrest of an unadjusted refugee upon reasonable belief of removability, a DRO Field Office must determine, *no later than 48 hours after the arrest*, whether to release the individual or issue a Notice to Appear[.]" *Id.* at 6 (emphasis added). Where no determination has been made "within the initial 48-hour period," ICE officials are instructed to "release the alien[.]" *Id.* at 7. Petitioner has presented no evidence showing that ICE officials have failed to follow this directive.

## III. Conclusion.

Petitioner has been released from custody. He "has neither demonstrated that there is a reasonable risk that he will be detained in the future nor that the policy of detaining refugees indefinitely under § 1159 is ongoing." *Alizadeh*, 2010 WL 5146743, at *3. His petition for a writ of habeas corpus releasing him from custody is moot. *See id.*

**IT IS ORDERED:**

1. Magistrate Judge Burns' report and recommendation (Doc. 51) is **accepted**.
2. Petitioner Sasa Buzancic's petition for writ of habeas corpus (Doc. 1) is **denied** as moot.
3. A certificate of appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.
4. The Clerk is directed to enter judgment accordingly.

DATED this 31st day of January, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge